# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HANNAH DOWD,**

      **Plaintiff,**

**v.**                                                            **Case No: 6:23-cv-101-RBD-EJK**

**ORLANDO HEALTH INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 23), filed July 21, 2023.

Plaintiff was Defendant's former employee who claims she was not paid overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–209. (Doc. 1.) The parties filed a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 23) (the "Motion"). On August 11, 2023, the parties consented to the jurisdiction of the undersigned United States Magistrate Judge for purposes of considering the Motion and, thus, granting the relief requested therein. (Doc. 26.) The presiding District Judge approved that consent on August 14, 2023. (Doc. 27.)

Since the proposed settlement involves a compromise of Plaintiff's FLSA claim for overtime wage compensation (Doc. 1), it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Having reviewed the proposed settlement (Doc.

23-1) and the related Joint Notice (Doc. 25), the Court finds that the Motion is due to be denied without prejudice.

The Settlement Agreement and Release of Wage Claims (the "Agreement") was submitted to the Court without a signature from Defendant, Orlando Health Inc. (Doc. 23-1 at 6.) The Motion is due to be denied for this reason alone.

Additionally, the Release of Claims in the Agreement takes the following form:

> In exchange for the consideration set forth in Paragraph 2 below, Plaintiff for herself and her attorneys, heirs, executors, administrators, successors and assigns hereby waives and releases, knowingly and willingly, Defendant, its heirs, executors, administrators, legal representatives, parent corporations, predecessor companies, insurers, past, present and future divisions, subsidiaries, affiliates and related companies and their successors and assigns and all past, present and future directors, officers, employees and agents of these entities, personally and as directors, officers, employees and agents, ("Released Parties") from any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during her employment with Defendant, known or unknown, including but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act, the Florida Minimum Wage Act and any and all other applicable state, federal, county or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiff has been fully compensated for her claims under the Fair Labor Standards Act. Plaintiff also represents and certifies that she has received full payment for all hours worked while employed by Defendant, including but not limited to, overtime hours, bonuses and vacation pay.

(*Id.* at 1–2.) The Release is not limited to Defendant and its heirs and assigns. Rather, the Release extends to various unidentified non-parties. The undersigned cannot approve a release to a "host of individuals and entities" including "unnamed past and

present employees, agents, affiliated and subsidiary companies . . ." *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) ("I wonder whether Plaintiff actually knows who he is releasing or why all of these individuals and entities should enjoy the benefit of his release."). The parties have not explained to the Court why so many unnamed parties are being released here, nor have they provided case law to support such a release. Thus, at this juncture and without the benefit of briefing by the parties, the undersigned will not approve the Release in its current form.

Accordingly, it is **ORDERED** as follows:

1. Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 23) is **TAKEN UNDER ADVISEMENT**.

2. The parties **SHALL** file a supplemental notice that addresses the issues set forth in this Order and a revised settlement agreement, if amended, **on or before October 5, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on September 21, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE